IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANJOMA VENTER | § | CASE NO. 23-42320 |
| | § | (Chapter 7) |
| DEBTOR | § | |

### MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY FREE CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES WITH LIENS, CLAIMS AND ENCUMBRANCES TO ATTACH TO SALES PROCEEDS

**Notice**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this application unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Christopher J. Moser, Chapter 7 Trustee ("**Trustee**") files his Motion for Authority to Sell Personal Property Free and Clear of All Liens and Encumbrances with Liens, Claims and Encumbrances to Attach to Sales Proceeds ("**Motion**") pursuant to the provisions of 11 U.S.C. §363(f) as follows:

**Background**

1.  On December 4, 2023 (the "Petition Date"), Anjoma Venter ("**Debtor**") filed with this Court a voluntary petition under Chapter 7 of the Bankruptcy Code.

2. Christopher J. Moser is the acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

2. The Debtor moved to Texas from Kansas within 730 days of the Petition Date. As a result, the debtor's domicile was not located in a single state for the 730-day period immediately preceding the Petition Date. The state in which Debtor's domicile was located for 180 days immediately preceding the 730-day period was Kansas. Thus, §522(b)(3) of the Bankruptcy Code directs that Kansas law provides the list of exemptions available to the Debtor.

3. Kansas has opted out of the federal exemptions of §522(b)(2) of the Bankruptcy Code. *See* Kan. Stat. Ann. §60-2312. Accordingly, the federal exemptions are not available to the Debtor unless the Debtor has been rendered ineligible for "any" exemptions. *See* 11 U.S.C. §522(b)(3)(A).

4. The Kansas homestead exemption has no extraterritorial effect. *In re Ginther,* 282 B.R. 16 (Bankr. D. Kansas 2002); *see also, State v. Holcomb,* 85 Kan. 178, 181, 116 P. 251 (1911) (A state is sovereign only within its own boundaries, and its laws have no extraterritorial force.). Since the Debtor is not eligible to take a homestead exemption for real property located in the State of Texas, the Debtor is eligible to take the federal exemptions of 11 U.S.C. §522(d). She is also eligible to take the Kansas State exemptions absent the Kansas homestead exemption.

5. Since Debtor incorrectly asserted all her exemptions under the law of the State of Texas, Trustee filed an Objection to Exemptions [Doc 12] in the Bankruptcy Case (the "Objection") objecting to all the exemptions claimed by the Debtor under the laws of the State of Texas since she was ineligible to claim the Texas exemptions.

6. An Order on Trustee's Objection to Exemptions [Doc 18] was entered in the Bankruptcy Case on February 16, 2024 (the "Exemptions Order") and ordered that all the exemptions claimed by the Debtor are denied since Debtor was ineligible to claim the Texas State

exemptions due to her lack of domicile in the State of Texas for two years prior to the date of bankruptcy petition.

7. In the Exemptions Order, the Bankruptcy Court further ordered that (i) the Debtor was eligible to claim exemptions under the laws of the state of Kansas, absent its homestead provision, since Kansas law has no extraterritorial effect on Texas real property, (ii) the Debtor is eligible to claim exemptions under the federal exemptions set forth in 11 U.S.C. §522(d) (the "Federal Exemptions", and (iii) the Debtor shall have ten days from the entry of the Exemptions Order to amend her claim of exemptions.

8. On March 13, 2024 Debtor amended Schedule C claiming the Federal Exemptions under 11 U.S.C. §522 (b) and exempting the manufactured home located at 1800 Preston on the Lake, TRLR Space 547, Little Elm, Texas 75068 (the "Property") in the amount of $27,900.00.

9. The Property consisting of a used manufactured home, is more particularly described as being manufactured by Elliott Manufactured Homes, Inc. Model: SOLITAIRE, DATE OF MAUFACTURE 03/12/2019, WITH A TOTAL SQUARE FEET OF APPROXIMATELY 1,360 SQUARE FEET, SIZE 17 FEET BY 80 FEET with a Label/Seal Number of NTA1875348 AND Serial Number EMHTX22621.

10. The bankruptcy estate owns Property subject to the Debtor's exemption claim of $27,900.00.

11. Trustee seeks authority to sell the Property through a direct sale sourced by Michael Crane. Trustee filed an application to employ Michael Crane to sell the Property on or about February 28, 2024 with a proposed 6% fee for his services should a sale acceptable to the Bankruptcy Court close.

12. Through Michael Crane, Trustee has received an offer from Gricelda Martinez and Jose Eugene Marinez or their assigns ("**Buyer**") to purchase the Property for $55,000 free and clear

of all liens, claims and encumbrances.

## Relief Requested

13. Pursuant to 11 U.S.C. §363(f) the Trustee seeks authority to sell the Property to the Buyer for $55,000 (the "**Purchase Price**"). This proposed sale will be subject to all higher or better offers from a qualified buyer prior to the entry of a sale order approving this Motion if such offers are received by the Trustee prior to the entry of an order on this Motion. Any such higher or better offers should be e-mailed to the Trustee and Trustee's counsel at cmoser@qslwm.com and cbaum@qslwm, respectively.

14. The claim of any party asserting a lien to the Property, if any, will attach to the sale proceeds in the same priority such liens existed in the Property. The sale proceeds are to be greater than any liens on the Property, if any.

15. Trustee requests further authority to execute the documents necessary to close the sale of the Property and to obtain and deliver title to the Property to the Buyer (e.g., Statement of Ownership issued by the Texas Manufactured Housing Division.

16. Lastly, the Trustee request that the court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that an order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise. The Trustee seeks to promptly close the sale is that the Trustee can expeditiously close the sale.

## Legal Basis for the Sale

17. Pursuant to Section 363(b)(1) of the Bankruptcy Code, "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). A sale of assets under Section 363 of the Bankruptcy Code, as implemented by Bankruptcy Rule 6004, requires notice and a hearing and is subject to court approval and must be

supported by an articulated business justification, good business judgment, or sound business reasons. *Cadle Company v. Mims (In re Moore)*, 608 F.3d. 253, 263 (5th Cir. 2010). In reviewing a proposed use or sale of assets, a bankruptcy court should give deference to the business judgment of the trustee when it deems the sale to be appropriate. *See Esposito v. Title Ins. Co. (In re Fernwood Mkts.)*, 73 B.R. 616, 621 n. 2 (Bankr. E.D. Pa. 1987).

18. Pursuant to Bankruptcy Rule 6004(f)(1) sales of property outside the ordinary course of business may be by private sale or auction. Trustee believes that good cause exists to sell the Property to the Buyer through the contemplated sale. This sale will enable the Trustee to maximize the value of the Property in a timely and efficient manner for the benefit of the bankruptcy estate and its creditors.

19. Trustee believes, in his reasonable business judgment, that the sale of the Property, as set forth herein, is in the best interest of the bankruptcy estate. Based upon input on valuation from Michael Crane, his own due diligence, and reviewing the offer to purchase the Property, the Trustee believes that the purchase price represents a fair value for the Property. Thus, the Trustee believes that approval of this sale is appropriate under Sections 363(b) and (f) of the Bankruptcy Code.

**WHEREFORE, PREMISES CONSIDERED,** the Trustee respectfully requests that pursuant to the provisions of 11 U.S.C. §363(f)(3) this Court approve the sale of the Property to the Buyer on the above terms free and clear of all liens, claims and encumbrances and that all valid liens, claims and encumbrances on the Property attach to the Sales Proceeds in the same priority as existed against the Property, that the Trustee be authorized to pay Michael Crane a 6% commission out of the sale proceeds upon the closing of a sale without further order and that the Trustee be granted such other and further relief to which he is justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 880-1851 (Telephone)
jstanford@qslwm.com (Email)

By: */s/ Charles F. Baum*
Charles F. Baum
SBN 01926100
Christopher J. Moser
SBN 14572500
ATTORNEYS FOR TRUSTEE

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of March 2024, a true and correct copy of the foregoing document was served via the Court's ECF system upon all persons who have filed ECF appearances in this case, and by U.S. first class mail, postage prepaid, on the persons and entities set forth on the attached service list, and upon the parties as indicated listed below:

Office of the U.S. Trustee
110 N. College Ave., Suite 300
Tyler, TX 75702
*(Via ECF)*

Gricelda Martinez
369 Hwy 380901 Main Street, Suite 5200
Dallas, TX 75202
*(Via First-Class Mail)*

Anjoma Venter
1800 Preston on the Lake Blvd.
Trailer 547
Little Elm, TX 75068
*(Via First-Class Mail*

Jose Eugene Martinez.
369 Hwy 380901 Main Street, Suite 5200
Dallas, TX 75202
*(Via First-Class Mail)*

Guy Holman, Esq.
Guy Harvey Holman, PLLC
8330 LBJ Frwy., Suite 410
Dallas, TX 75214
*(Via First-Class Mail)*

Michael D. Crane
730 Lipscomb Ave.
Dallas, Texas 75214

*/s/ Charles F. Baum*
Charles F. Baum